IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA HUFFMAN,

      Plaintiff,

v.
                                    Case No. 26-2357-JWB

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

Donna Huffman[1] ("Plaintiff") filed this action against Metropolitan Life Insurance Company ("Defendant"), purporting to invoke this court's diversity jurisdiction.  (Doc. 1 at 2.) On June 25, 2026, the magistrate judge entered an order to show cause identifying deficiencies in the complaint's jurisdictional allegations and noting that Plaintiff had not filed the disclosures required by Federal Rule of Civil Procedure 7.1.  (Doc. 5.)  That order directed Plaintiff, by July 10, to (1) file an amended complaint or (2) show cause why this case should not be dismissed for lack of jurisdiction.  Plaintiff failed to respond.  On July 13, the court extended Plaintiff's deadline to July 24.  (Doc. 6.)  That order warned Plaintiff that "[f]ailure to comply with the Court's order could result in dismissal of this case without further notice."  (*Id*.)  That deadline has now passed, and Plaintiff has filed nothing.

Federal courts are courts of limited jurisdiction, and the court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.  *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  "A court lacking jurisdiction . . . must dismiss the cause *at*

---

[1] The court has previously found that Plaintiff is not entitled to the liberal construction typically extended to pro se litigants because Plaintiff has legal training. *See Huffman v. Forrest River*, No. 23-4091-JWB, 2026 WL 1693740, at *4 (D. Kan. June 11, 2026).

*any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) (emphasis in original). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between all plaintiffs and all defendants. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state.").

As the magistrate judge explained, the complaint does not sufficiently allege the citizenship of either party. (Doc. 5 at 2.) As to Defendant, the complaint alleges only that Defendant "is or part of [*sic*] a publicly traded company and resident of New York trading under the symbol 'MET.'" (Doc. 1 at 2.) That allegation does not identify Defendant's corporate structure. If Defendant is a corporation, it is deemed a citizen of the state where it has been incorporated and of the state where it has its principal place of business. *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303–04 (10th Cir. 2025) (citing 28 U.S.C. § 1332(c)(1)). If Defendant is an unincorporated entity, its citizenship is derived from the citizenship of each of its members, tracing through however many layers of members are necessary to reach either a corporation or a natural person. *Id*. at 1304. Plaintiff's complaint mentions none of this.

As to Plaintiff's citizenship, her only allegation is that she "is a resident of Kansas." (Doc. 1 at 2.) But residence and domicile are not the same thing, and it is domicile that determines an individual's citizenship for diversity purposes. An individual may reside in several states but "[w]hen assessing the citizenship of a person, we look to the individual's domicile . . . . And domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *ADA Carbon Sols.*, 146 F.4th at 1301 (internal citations and quotations omitted)). Therefore, "[a]n allegation of residence alone is insufficient for purposes of establishing diversity jurisdiction." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 494 n.2 (10th

2

Cir. 1979) (citing *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925)).  Finally, Plaintiff's complaint does not invoke federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff bears the burden of establishing this court's subject matter jurisdiction.  Despite two orders and an express warning that noncompliance could result in dismissal, Plaintiff has made no effort to cure the jurisdictional deficiencies in her complaint or to otherwise comply with court orders.  As a result, the court cannot determine that diversity of citizenship exists, and dismissal is required.  *See Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382, at *3 (10th Cir. Sept. 18, 2023) (affirming district court's dismissal where complaint failed to allege citizenship of parties).  Further, dismissal is warranted by Plaintiff's repeated failure to comply with the court's orders and the Federal Rules of Civil Procedure's pleading standards.  *See Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (explaining that courts may dismiss a complaint sua sponte that fails to comply with the requisite pleading standards).

THEREFORE, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to comply with the court's orders.  The case is closed.

IT IS SO ORDERED.  Dated this 7th day of August, 2026.

 s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

3